■ In the Matter of the Claim of HARRY VAN DUSEN, Respondent, v. ROCHESTER SAFTI-BRAKE, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed January 2, 1968, denying reimbursement from the respondent Special Disability Fund. (Workmen's Compensation Law, § 15, subd. 8.) It was found by a board panel on November

17, 1966 and is not disputed that the claimant suffered a compensable injury to his back in August of 1961 and a subsequent compensable injury in June of 1962. The first accident resulted in surgery for the removal of a herniated disc. The second accident resulted in surgery at the same site where there was a "recurrent herniated disc". It was found by the board and is not disputed that as a result of the second injury and operation, the claimant suffered a "materially and substantially greater disability". The board also found that the first injury and the resultant surgery "left claimant with a permanent partial disability". The finding of a "materially and substantially greater disability" is a prerequisite to a claim for reimbursement from the respondent, and after making such finding the board continued the case on the Referee calendar "for a ruling on other elements of 15-8 liability". At a subsequent hearing one of the co-owners of the corporation which employed the claimant testified that before the 1962 accident he had acquired knowledge from the claimant's wife and from a co-owner that the claimant's doctor advised that the claimant "had a permanent injury and this was a permanent thing". He assigned the claimant to lighter work than prior to the surgery for the 1961 accident. The Referee found that the respondent was liable for reimbursement and the respondent appealed to the board for review. Upon review a different board panel (and it is this decision that is appealed from) found: "The record contains no medical evidence of permanency prior to the accident of 6/5/62". It then found "that it has not been established that the employer had *proper* knowledge of a pre-existing permanent physical impairment prior to the second accident". (Emphasis supplied.) It does not appear that the claimant's doctors were asked at the hearings as to whether or not they had formed or rendered an opinion that the claimant suffered a permanent disability as a result of the 1961 accident prior to the accident in June of 1962. Also, there are no exhibits in the record containing such an opinion. However, Dr. Wiley testified as follows: "Now, Doctor, is it fair to say, following the original discectomy this claimant had a permanent partial disability? A. Yes, sir. Q. You heard him testify that he and his employer decided he should do lighter work following that? A. Yes, sir." This doctor also testified that he did have contact with the employer on or about February 3, 1962 via a so-called DB 450 (form or report) stating that claimant was totally disabled at that time and until about April 1, 1962. Contrary to the statement of the board quoted above, the record does contain medical evidence of a permanent partial disability prior to the accident of June 8, 1962. It may be that the respondent is correct in arguing that the board meant to say that there is no evidence of a medical opinion having been formed or rendered prior to June of 1962 (see *Matter of Danelo* v. *Sibley Lindsay & Curr Co.*, 17 A D 2d 1020), but that interpretation by this court would not seem warranted in view of the power of the board to take further proof on the issue. (Cf. *Matter of Bellucci* v. *Tip Top Farms*, 24 N Y 2d 416.) The finding of the board as to knowledge of the employer seems to concede that the employer had knowledge of a permanent physical impairment, but that it was not "proper". Under such circumstances, it does not appear that the board exercised its prerogative as to *credibility* of the employer's representative, but for some unspecified reason found his knowledge deficient. Whether or not the employer had knowledge of a pre-existing permanent physical impairment is a question of fact for the board to determine. (*Matter of Sicker* v. *Spencer & Son Corp.*, 30 A D 2d 886.) It would appear that the board has made an erroneous factual conclusion as to the evidence of a pre-existing permanent physical defect. It would be a bad precedent to reaffirm upon the present record where as to the issue of knowl-

edge there is an apparent conflict between the different board panels and when the issue has been resolved by the conclusory finding of no *proper* knowledge. The proof submitted between the first and second decisions (testimony by the employer Lane) is subject to different interpretations as to knowledge, particularly when considered with the whole record and, under the circumstances, the decision of the board is not sufficient to permit this court to review its determination. Decision reversed, without costs, and matter remitted for such further proceedings as the board may deem advisable and for a new decision setting forth the factual basis for allowance or denial of reimbursement. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Herlihy, J.